# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**WARREN HAVENS**  APPELLANT

VS.  No. 4:17cv173

**MARITIME COMMUNICATIONS/LAND
MOBILE LLC**  APPELLEE

## ORDER

The *pro se* appellant Warren Havens has filed a motion for extension of time to file an appellant's brief in this bankruptcy appeal, in which he notes that there is presently pending before the Fifth Circuit an appeal of a ruling by Judge Aycock which dismissed a very similar appeal of his for lack of standing. *See Havens v. Mar. Commc'ns/Land Mobile LLC*, No. 1:13-CV-173-SA, 2017 WL 6811972, at *2 (N.D. Miss. June 14, 2017). The appellees have similarly noted that "[o]n November 2, 2017, Appellant filed simultaneous appeals with the Fifth Circuit, assigned Case Nos. 17-60741 and 17-60742, arising out of identical orders entered by the District Court for the Northern District of Mississippi that dismissed Appellant's appeals of various bankruptcy orders for lack of standing." [Docket entry 573-1 at *2, n. 1] From reviewing Judge Aycock's order and the record in this case, it appears to this court that, if her ruling is affirmed by the Fifth Circuit, then this court very likely lacks jurisdiction to consider the present appeal. Under these circumstances, the court concludes that the most appropriate step is to stay the present appeal pending resolution of Havens' appeal before the Fifth Circuit.

1

This court notes that, in cases in which it stays a lawsuit pending a ruling by another court, it typically administratively closes the case. The effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; i.e., administratively closed cases are not counted as active. *See, e.g. Yahoshua-Yisrael:Yahweh v. AT&T,* No. 3:13CV36-M-A, 2014 WL 637919, at *2 (N.D. Miss. Feb. 18, 2014)*; Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999) ("This method is used in various districts throughout the nation in order to shelve pending, but dormant, cases."); *Mire v. Full Spectrum Lending Inc*., 389 F.3d 163, 167 (5th Cir. 2004). This court will follow this practice in this case and close it pending the resolution of the appeal before the Fifth Circuit. Once the Fifth Circuit has issued its mandate in the appeal of Judge Aycock's order, this court will reopen this case and entertain briefing from the parties in light of the Fifth Circuit's order.

It is therefore ordered that this case is stayed and administratively closed, and the parties' motions regarding scheduling issues in this case are dismissed without prejudice as moot. [571-1, 573-1]. This court notes that Havens has filed a motion [572-1] seeking permission to use this district's Electronic Case Filing system. This court does not believe that an order is necessary to allow appellant to do so, but, regardless, his motion will be granted.

This, the 6th day of August, 2018.

                /s/ MICHAEL P. MILLS
                UNITED STATES DISTRICT JUDGE NORTHERN
                DISTRICT OF MISSISSIPPI